**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| **In re** ) | |
| ) | **Chapter 11** |
| THE EDUCATION RESOURCES INSTITUTE, INC., ) | Case No. 08-_____ (____) |
| ) | |
| Debtor. ) | |
| ) | |

**APPLICATION FOR AN ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(a) AUTHORIZING EMPLOYMENT AND RETENTION OF GRANT THORNTON LLP AS ADVISORS TO THE DEBTOR**

The Education Resources Institute, Inc., the debtor and debtor in possession in the above-captioned case (the "Debtor"), respectfully submits this application (the "Application") seeking entry of an interim order under sections 327(a) and 328(a) of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure authorizing the employment and retention of Grant Thornton LLP and its affiliates ("Grant Thornton"), as advisors to the Debtor.

**RELIEF REQUESTED**

1. By this Application (the "Application"), the Debtor requests that this Court enter an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure authorizing the employment and retention of Grant Thornton LLP and its affiliates ("Grant Thornton") as advisors to the Debtor and for approval of the proposed terms of employment during this Chapter 11 Case under the terms of the Engagement Agreement.

LIBC/3255190.5

## JURISDICTION AND VENUE

2.  The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105(a), 363(b) and 345 of title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

3.  On the date hereof (the "Petition Date"), the Debtor commenced its bankruptcy case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). No trustee, examiner or creditors' committee has been appointed in this case. The Debtor is operating its business as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4.  The Debtor intends to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.  No request has been made for the appointment of a trustee or examiner, and no official committee has yet been appointed in this case.

6.  The facts and circumstances of this Application are set forth in the Affidavit of Willis J. Hulings III in Support of First Day Motions (the "First Day Affidavit") filed contemporaneously herewith.

7.  Founded in 1985, TERI is a nonprofit organization incorporated under Massachusetts General Laws, chapter 180, located in Boston, Massachusetts. TERI provides education opportunities for all through its college access and loan guarantee activities. TERI is a national leader in promoting strategies for improving college access. The Debtor manages college access programs that target low-income individuals and those who are the first

2

generation in their families to attend college. These programs are designed to raise student and adult aspirations to include college and other post-secondary education, provide guidance and information directly to students and their families on planning and paying for college. TERI is also the managing partner of the Pathways to College Network, an alliance of over 30 nonprofit organizations and funders committed to advancing college access and success for underserved students.

8. TERI's loan guarantee programs help students close the gap between education costs and their other resources such as financial aid, savings and family support. TERI is the oldest and largest guarantor of private (non-government) student loans with more than $18 billion in outstanding guarantees. TERI brings together lenders, schools, students and families to make available low-cost, high quality financing for postsecondary education.

## BASIS FOR RELIEF

## GRANT THORNTON'S QUALIFICATIONS

9. By this Application, the Debtor seeks entry of an order under sections 327(a) and 328(a) of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure authorizing the employment and retention of Grant Thornton LLP and its affiliates as advisors to the Debtor and for approval of the proposed terms of employment during this Chapter 11 Case under the terms of the Engagement Agreement, dated April 1, 2008, between the Debtor and Grant Thornton (the "Engagement Agreement"), attached as Exhibit A, as more fully described below.

10. Grant Thornton has significant qualifications and experience in performing the scope of work described below. Grant Thornton's Corporate Advisory and Restructuring Services practice consists of senior financial, management consulting, tax, accounting and other

3

LIBC/3255190.5

professionals who specialize in providing financial, business, and strategic assistance typically in distressed business settings. Grant Thornton serves the legal community, troubled companies, debtors, secured and unsecured creditors, equity holders, and other parties in both in-court and out-of-court engagements.

11.     Preceding the Petition Date, the Debtor had employed Grant Thornton as advisors from April 1, 2008 through the Petition Date. By virtue of its prior engagement, Grant Thornton is familiar with the books, records, financial information and other data maintained by the Debtor and is qualified to continue to provide advisory services to the Debtor. As such, retaining Grant Thornton is an efficient and cost effective manner in which the Debtor may obtain the requisite services.

## SERVICES TO BE PROVIDED BY GRANT THORNTON

12.     The nature and extent of services that Grant Thornton proposes to render to the Debtor are set forth in the Engagement Agreement, which is incorporated by reference and includes the following:

(a)     Assist management in evaluating various strategic alternatives;

(b)     Analyze the Debtor's financial position, business plans and financial projections prepared by management including, but not limited to, commenting on assumptions and comparing those assumptions to historical Debtor and industry trends;

(c)     Assist management in connection with the development of financial and operational plans;

(d)     Assist management with developing its communication plan with employees, government authorities, customers, suppliers, statutory committees, and stakeholders and other parties in interest;

(e) Analyze the Debtor's cash receipts and disbursements forecast and assess liquidity;

(f) Consult with management regarding their valuation of the Debtor on a going-concern and liquidation basis;

(g) Assist management in responding to information requests submitted by parties in interest, statutory committees and their legal and/or financial advisors;

(h) Assist management with its oversight of vendors and agents;

(i) Assist management in developing a bankruptcy exit strategy;

(j) Consult with management, in coordination with legal counsel, in the preparation of a disclosure statement, plan of reorganization and the underlying business plans from which those documents are developed;

(k) Assist management, in coordination with legal counsel, in evaluating competing disclosure statements, plans and other strategic proposals made by the Committee of Unsecured Creditors or other interested parties, if applicable;

(l) Consult with management regarding the preparation of required financial statements, schedules of financial affairs, monthly operating reports, and any other financial disclosures required by the Bankruptcy Court;

(m) Provide testimony regarding financial matters related to, including, among other things, the feasibility of any proposed plan of reorganization, and the valuation of any securities issued in connection with any such plan; and,

(n) Provide additional services as requested from time to time by the Debtor and agreed to by Grant Thornton.

13. All of the services that Grant Thornton will provide to the Debtor will be: (i) appropriately directed by the Debtor so as to avoid duplicative efforts among any other professionals retained in the case, and (ii) performed in accordance with applicable standards of the profession.

## DISCLOSURE CONCERNING CONFLICT OF INTEREST

14. To the best of the Debtor's knowledge, and as disclosed in the declaration of Martha E. M. Kopacz, annexed hereto as Exhibit B (the "Kopacz Declaration") and incorporated herein by reference, (a) Grant Thornton is a "disinterested person" within the meaning of section 101(4) of the Bankruptcy Code and as required by section 327(a) and referenced by section 328(c) of the Bankruptcy Code, and holds no interest adverse to the Debtor and its estate for the matters for which Grant Thornton is to be employed and (b) Grant Thornton has no connection to the Debtor, its creditors or its related parties herein except as disclosed in the Kopacz Declaration. The Kopacz Declaration contains information available to date on Grant Thornton's connections with other parties in interest, as required by Bankruptcy Rule 2014(a).

## PAYMENT OF FEES AND EXPENSES

15. In accordance with Section 330(a) of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and Orders of this Court, Grant Thornton will apply to the Court for compensation, including retainer and success fees, and reimbursement of expenses, as set forth with greater specificity in the Engagement Agreement and the Kopacz Declaration. Grant Thornton acknowledges that all compensation will be subject to this Court's review and approval, after notice and a hearing.

16. The current hourly time charges for Grant Thornton professionals are set forth in the Fees Section to the Engagement Agreement and in the Kopacz Declaration. In addition to the

6

compensation structure described above, the Engagement Agreement provides that the Debtor will indemnify Grant Thornton and certain related persons under certain circumstances in accordance with the Engagement Agreement, other than claims resulting from the bad faith, self-dealing, gross negligence or willful misconduct of Grant Thornton. The Debtor believes that this fee arrangement, which is similar to fee arrangements authorized in other chapter 11 cases in which Grant Thornton has rendered services, is reasonable in light of industry practice, market rates both in and out of chapter 11 proceedings, Grant Thornton's experience in reorganizations, and the scope of work to be performed pursuant to its retention. The Debtor believes that given the nature of the services to be provided, the above described fee structure is both fair and reasonable.

17.     The Debtor believes that Grant Thornton is eminently qualified to serve the Debtor in this case, and that the retention of Grant Thornton is in the best interest of the Debtor, its estate, creditors and shareholders.

## NOTICE

18.     The Debtor has served notice of this Application on (a) the Office of the Attorney General for the State of Massachusetts, (b) the Office of the United States Trustee for the District of Massachusetts, (c) the Debtor's twenty (20) largest creditors, and (d) to the extent possible, the financial institutions that issued student loans that TERI guaranteed and the Indenture Trustees of the securitization trusts pursuant to which TERI provided guarantees of the student loans that collateralize the bonds issued by such trusts. In light of the nature of the relief requested, the Debtor submits that no other or further notice need be provided.

WHEREFORE, the Debtor respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit E, granting the Application and such other relief as may be just and proper.

Respectfully Submitted,

THE EDUCATION RESOURCES INSTITUTE, INC.

By: _____
Willis J. Hulings III
President and Chief Executive Officer

Dated: April 7, 2008

*Signature Page to the Application for Appointment of Grant Thornton LLP*