UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re: ) | |
| ) | |
| THE EDUCATION RESOURCES ) | |
| INSTITUTE, INC., ) | |
| ) | Chapter 11 |
| Debtor ) | Case No. 08-12540-HJB |
| ) | |

**UNITED STATES TRUSTEE'S OMNIBUS OBJECTION
TO SEGREGATION, GUARANTY, CHASE AND FMC MOTIONS
(WITH CERTIFICATE OF SERVICE)**

The United States Trustee objects to the motions (collectively "Motions") for orders authorizing The Education Resources Institute, Inc. ("Debtor") to segregate certain guaranty fees received for the benefit of lenders ("Segregation Motion") (Docket #213), to honor certain guaranty obligations ("Guaranty Motion") (Docket #239), to settle claims with JPMorgan Chase Bank, N.A. ("Chase Motion") (Docket #202) and to reject contracts with First Marblehead Corporation, et al. ("FMC") (Docket #238), because the Debtor has not demonstrated that their approval is either in the best interest of the estate or a valid exercise of its business judgment. Taken together, the Motions:

- fail to demonstrate the likely financial impact on the Debtor's post-petition operations; and

- fail to explain the Motions in the context of the Debtor's bankruptcy exit strategy.

In support, the United States Trustee states:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter under 28 U.S.C. 157 and 1334. This is

1

a core proceeding under 28 U.S.C. 157(b)(2)(A).  Venue is proper in this court under 28 U.S.C. 1408 and 1409.  The statutory predicates for relief are 28 U.S.C. 586(a), 11 U.S.C. 307, 361, 363(b) and (c) and 364(c) and (d), Fed. R. Bankr. P. 4001(b) and (c) and MLBR 4001-2.

**FACTS**

2. The Debtor filed its voluntary chapter 11 petition on April 7, 2008 ("Petition Date").  The Debtor has not yet filed is schedules and statement of financial affairs.

3. Per its April, 2008 monthly operating report ("MOR"), the Debtor reported an accrual basis loss of $6,525,153 and an increase in total cash of $10,113,311.

4. Based upon information and belief (a review of the pleadings filed by the Debtor since the Petition Date, including the Motions, and the Debtor's April, 2008 MOR):

- FMC is the Debtor's exclusive agent for loan originations;

- the Debtor derives its revenue primarily from collecting guaranty and origination fees on student loans originated by FMC.  It also recognizes as income interest earned on funds in pledged or collateral accounts ("Accounts"), which it holds for the benefit of certain lenders ("Secured Lenders");

- the Debtor has residual interests in trusts administered for the benefit of certain Secured Lenders;

- in the ordinary course of its business, the Debtor deposits approximately 80% of its guaranty fee income into the Accounts and books the balance as current income;

- under the Segregation Motion, the Debtor proposes to deposit the 20% of the guaranty fees that it ordinarily books as income into the Accounts as a means of bolstering guaranty reserves;

- since the Petition Date, most lenders have terminated their student loan relationships with the Debtor;

- other than so-called "pipeline" loans, the Debtor will book little in the way of post-petition guaranty fee income;

2

- the pipeline loans are winding down;

- under its extant contracts, the Debtor pays FMC more in loan origination expenses for each loan than it realizes in loan origination fee income;

- under contracts ("Contracts") with Secured Lenders, the Debtor must initiate collection actions on defaulted student loans;

- the Contracts require the Debtor to deposit all collections on defaulted loans attributable to the Secured Lenders, net of collection expenses, into the corresponding Accounts pledged to the Secured Creditors;

- the Contracts purport to provide the Secured Lenders with security interests in and liens upon the Accounts, all collections on defaulted loans attributable to the Secured Lenders and interest accrued thereon;

- under the Guaranty Motion, the Debtor treats collections on defaulted loans as the Secured Lenders' cash collateral. See Guaranty Motion at 10; pro forma order at 2;

- under other contracts, the Debtor initiates collection actions on defaulted loans owned by lenders who do not have security interests in or liens upon any estate assets;

- the Debtor first deposits all collections on defaulted loans attributed to all lenders into its operating accounts, where they are comingled;

- under the Guaranty Motion, the Debtor seeks authorization to transfer collections on defaulted loans attributable to the Secured Lenders to the corresponding Accounts per the Contracts;

- approval of the FMC Motion and the transition services agreement is conditioned upon prior Court approval of the Guaranty Motion;

- according to the FMC Motion and the June 13, 2008 affidavit of the Debtor's president and CEO, Willis J. Hulings, III (Docket #320), the Debtor will realize substantial cost savings with FMC if the FMC Motion were approved. In his affidavit, Mr. Hulings stated "[t]he cost reduction is, in my view, incredibly significant

and will make the Debtor, essentially, cash flow neutral on an operating basis . . . ." Id. at 8; and

- under the Chase Motion, the Debtor, among other agreements, proposes to waive future claims to guaranty fees or residual interests in trusts administered for Chase in exchange for Chase's agreeing to waive all administrative expense claims as to post-petition pipeline loan guaranties.

**ARGUMENT**

5. The Debtor must demonstrate that the Motions constitute an exercise of "sound business judgment," which requires consideration of the best interest of the estate and the Debtor. See In re Lionel Corp., 722 F.2d 1063, 1071 (2d Cir. 1983).

6. It is unclear whether the Motions will dictate sub rosa the terms of any plan. See In re Braniff Airways, Inc., 700 F.2d 935 (5th Cir. 1983); In re Continental Airlines, 780 F.2d. 1223, 1227 (5th Cir. 1986).

7. The Court should deny the Motions unless the Debtor first:

- quantifies the likely reduction in the Debtor's current income resulting from the allowance of the Guaranty Motion;

- provides the Court and parties in interest with projected financial statements, including a cash forecast, demonstrating whether, as Mr. Hulings attested, the Debtor will henceforward operate on a "cash flow neutral" basis;

- explains whether its accounting information system and internal controls can isolate collections on defaulted loans that constitute the cash collateral of the Secured Lenders vs. other collections;

- explains whether its collections on defaulted loans raise any other cash collateral issues;

- explains the Motions in the context of any bankruptcy exit strategy; and

- explains whether any post-petition guaranties issued on account

of pipeline loans constitute administrative expenses.

WHEREFORE, the United States Trustee prays that the Court enter orders: i) denying the Motions, subject to the Debtor's providing the information above; and ii) granting her all such other and further legal and equitable relief to which she may be entitled.

    Respectfully submitted,

    PHOEBE MORSE

    United States Trustee

By:    */s/ Eric K. Bradford*
    Eric K. Bradford BBO#560231
    United States Department of Justice
    Thomas P. O'Neill Jr. Federal Bldg.
    10 Causeway Street, Room 1184
    Boston, MA 02222
    PHONE:    (617) 788-0415
    FACSIMILE: (617) 565-6368
    Eric.K.Bradford@USDOJ.gov

Dated: June 20, 2008.

## CERTIFICATE OF SERVICE

I certify that on June 20, 2008, true and correct copies of the foregoing motion were served by CM/ECF upon the individuals who filed notices of appearance in the Court's CM/ECF database, including Debtor's counsel, who is listed below.

                        PHOEBE MORSE

                        United States Trustee

By:    */s/ Eric K. Bradford*
        Eric K. Bradford BBO#560231
        United States Department of Justice
        Thomas P. O'Neill Jr. Federal Bldg.
        10 Causeway Street, Room 1184
        Boston, MA 02222
        PHONE:    (617) 788-0415
        FACSIMILE: (617) 565-6368
        Eric.K.Bradford@USDOJ.gov

Dated: June 20, 2008.

Gina L. Martin, Esq.
Goodwin Procter LLP
53 State Street
Exchange Place
Boston, MA 02109
(Debtor's Counsel)