UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re | ) |
|  | ) |
|  | ) **Chapter 11** |
| THE EDUCATION RESOURCES INSTITUTE, INC., ) | **Case No. 08-12540 (HJB)** |
|  | ) |
| Debtor. | ) |
|  | ) |

ORDER PURSUANT TO SECTIONS 105, 362, AND 363 OF THE BANKRUPTCY CODE AUTHORIZING AND DIRECTING DEBTOR TO HONOR CERTAIN OF ITS GUARANTY OBLIGATIONS AND PURCHASE DEFAULTED LOANS USING CASH IN CERTAIN PLEDGED ACCOUNTS ESTABLISHED FOR THE BENEFIT OF THE TRUSTS

Upon the motion (the "Motion")[1] of The Education Resources Institute, Inc., the debtor and debtor in possession in the above-captioned case (the "Debtor"), for an order authorizing and directing the Debtor to honor certain of its guaranty obligations and purchase defaulted loans using cash in certain Pledged Accounts (including all property credited thereto) established for the benefit of the Trusts, and sufficient notice having been given and due cause appearing therefore, the Court finds that, for the reasons set forth more specifically in the Motion, cause has been shown for granting the requested relief, it is accordingly:

ORDERED, that the Motion is granted to the extent provided herein; and it is further

ORDERED that each Trust has a valid, enforceable, perfected security interest in its respective Collateral; provided however that the Committee or any other person or entity shall have the right to object to, or contest in any manner or raise any defenses to, the validity, perfection, priority or enforceability of the Trust's security interests in the Collateral, including

---

[1] Defined terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

LIBC/3313239.10

without limitation, the Recoveries (as defined in the applicable Deposit and Security Agreements) and Pledged Accounts, including, without limitation, the application of section 552 of the Bankruptcy Code to Recoveries, only in a proceeding initiated in this Court (or other court then having jurisdiction over this case) on or before (i) the 60th day following the date of this Order with respect to all Collateral other than the Pledged Accounts and the Postpetition Transfers (as defined below) and (ii) the 14th day following the date of this Order with respect to the Pledged Accounts (other than the Postpetition Transfers); and (iii) the 45th day following the date of this Order with respect to funds transferred to any Pledged Account after the Petition Date and before the date hereof ("Postpetition Transfers"); that, subject to the foregoing, all parties reserve their rights in respect of such issues and their implications; provided further, however, that to the extent any postpetition sales or transfers of funds from such sales to the Pledged Accounts have previously been approved by this Court, such postpetition sales or transfers shall not be subject to challenge by the Committee or any other person or entity, and it is further

ORDERED, that any and all Recoveries that have not prior to the date of this Order been transferred to a Pledged Account, or otherwise paid to a third party, (a) shall be placed in a segregated account established for the applicable Trusts by the Debtor at U.S. Bank and TERI will maintain records of the Recoveries allocable to each respective Trust (the "Segregated Recoveries Account") and (b) held in such account until the earliest of (i) the 61st day following the date of this Order, unless a proceeding has been initiated in accordance with the preceding paragraph of this Order and (ii) the entry of an order of this Court directing the disposition, transfer, or other use of the funds in the Segregated Recoveries Account; and that the funds in the Segregated Recoveries Account shall be transferred by U.S. Bank at the direction of the Debtor

(i) to the applicable Pledged Accounts on the 61st day following the date of this Order if no proceeding has been initiated in accordance with the preceding paragraph of this Order or (ii) if another order of this Court has been entered directing the disposition, transfer or other use of such funds, pursuant to such order; and it is further

ORDERED, that the Debtor is authorized to invest and manage the investment of funds held in the Segregated Recoveries Account to the same extent and manner as it is authorized to invest funds in the respective Pledged Accounts (and U.S. Bank is authorized to act in accordance with such instructions of the Debtor) and that all customary costs for establishing and maintaining the Segregated Recoveries Account (including customary charges and fees of U.S. Bank) shall be the obligation of and paid by TERI; and it is further

ORDERED, that the Debtor is authorized and directed to purchase defaulted loans from the funds in the applicable Pledged Accounts, provided that (1) the Debtor, the Indenture Trustee and the administrator have complied with the applicable Guaranty Agreement, Deposit and Security Agreement and any other governing documents concerning payment and, provided further that, (2) there are sufficient funds in the applicable Pledged Account to purchase such student loans; and it is further

ORDERED, that the Debtor's performance of its obligations under the applicable Guaranty Agreements and Deposit and Security Agreements, to the extent authorized by this Order, shall be consistent with past practice, and in accordance with the terms of the applicable Guaranty Agreement and Deposit and Security Agreement; and it is further

ORDERED, that nothing in this Order shall permit or allow the Debtor to purchase any defaulted loans with funds from the Debtor's general operating accounts; and it is further

ORDERED, that should a Trust's Pledged Account ever be replenished (from collection efforts or otherwise), the Debtor will, at such time as the funds become sufficient, purchase defaulted student loans as funds become available in accordance with the terms of the applicable Guaranty Agreement and Deposit and Security Agreement; and it is further

ORDERED, that, subject to the terms and conditions of this Order, relief from the automatic stay of section 362(a) is hereby granted for the limited purpose of permitting and authorizing: (a) the Debtor to transfer cash collateral to the Trusts; (b) each Trust to accept or withdraw such cash collateral from the applicable Pledged Account to satisfy valid Guaranty Claims (as defined in the applicable Deposit and Security Agreement) made in accordance with the applicable Guaranty Agreement; (c) each party to each Guaranty Agreement and/or Deposit and Security Agreement to take such actions as are necessary or appropriate to satisfy the conditions precedent to the payment of any Guaranty Claim (as defined in the applicable Deposit and Security Agreement), including but not limited to the sending of any and all applicable notices to Debtor of the occurrence of a Guaranty Event; (d) the Trusts and their authorized agents to retain and apply cash collateral pursuant to the applicable security documents, including but not limited to the applicable Deposit and Security Agreements; (e) each collection agency to net its Defaulted Loan Collection charges out of the recoveries it remits to TERI; and (f) TERI to deposit into the applicable Pledged Account proceeds of any loan that is sold back to a Trust pursuant to the terms of a Guaranty Agreement; and it is further

ORDERED, that FMC is authorized to provide the Claims Review and Management services, including the post-default collections and claims processing and review services, and, subject to the conditions of this Order, the pre-default collection services; and that this provision,

including TERI's reimbursement obligations, will survive termination of the Transition Services Agreement; and it is further

ORDERED, that TERI will continue in its ordinary course to allow the collection agencies to retain the Defaulted Loan Collection Charges and will continue to remit the Rehabilitated Loan Collection Charges directly to the applicable collection agencies; and it is further

ORDERED, that upon receipt of any Recovery after the date hereof, the Debtor shall promptly (i) cause such Recovery (net of amounts payable pursuant to clause (ii) of this paragraph) to be deposited in the Segregated Recoveries Account to the extent provided herein or otherwise in the applicable Pledged Account and (ii) cause to be paid to FMC or its designee an amount in cash equal to the scheduled cost to TERI under the Transition Services Agreement for post-default collections of non-securitized loans (the "FMER Cost") plus the recovery fee to which TERI would be entitled under the applicable Guaranty or Deposit and Security Agreement, provided that if a final order or other similar order acceptable to FMER has been entered by the Bankruptcy Court finding or otherwise determining that the Trusts have a first priority, valid, enforceable perfected security interest in all "Recoveries" (as defined in the applicable Deposit and Security Agreements) or if FMER ceases providing post-default collection services, then TERI shall not be required to pay the FMER Cost recovered after such date with respect to Securitized Loans and if FMER ceases providing post-default collection services no fees shall be due and it is further; and it is further

ORDERED, that to the extent a loan is "rehabilitated", such that the borrower begins making payments again, the applicable Trust is authorized but shall not be required to purchase and TERI is authorized but not directed to sell that loan, in each case in accordance with the

terms of the applicable Guaranty Agreement and Deposit and Security Agreement, and the amount of the repurchased loan and all Recoveries from such loan will be placed into the applicable Pledged Account (less the Rehabilitated Loan Collection Charges); and that the applicable Trust shall have a valid, enforceable, perfected first priority security interest in all such amounts placed into the Pledged Account hereafter, notwithstanding the reservation of rights referenced in the second ordered paragraph of this Order; provided, however, that TERI shall not hereafter sell any such loan unless (i) the Committee has consented to such sale in writing or (ii) the Committee has not commenced a proceeding pursuant to the second ordered paragraph of this Order prior to the 61st day after the date of this Order or (iii) the Court has entered an order determining the proper disposition of such funds; provided further, however, that to the extent any postpetition sales or transfers of funds from such sales to the Pledged Accounts have previously been approved by this Court, such postpetition sales or transfers shall not be subject to challenge by the Committee or any other person or entity, and it is further

ORDERED, that notwithstanding anything herein to the contrary, any costs incurred by FMC for post-default collection services will be paid by TERI in cash at the rates and costs set forth in the Transition Services Agreement; to the extent that such costs relate to Recoveries that are to be transferred to the Segregated Recoveries Account, TERI may pay such costs from the Recoveries; and that this provision, including TERI's reimbursement obligations, will survive termination of the Transition Services Agreement; and it is further

ORDERED, that any costs incurred by FMC for claims processing and review services will be offset from the Debtor's residual interest that any of the Trusts create (the "Residual Interest"); and that the costs charged by FMC pursuant to this paragraph shall be at the rates and costs set forth in the Transition Services Agreement; and that this provision, including TERI's

reimbursement obligations, will survive termination of the Transition Services Agreement; and it is further

ORDERED, that in the event that FMC decides, in its sole discretion, to continue its pre-default collection efforts on behalf of the student loans in the Trusts to the extent FMC is able to demonstrate that such pre-default efforts resulted in an increase in any Residual Interest, then the costs of such pre-default collection efforts shall be offset from the Residual Interest pursuant to a formula to be agreed upon by and between the Debtor and FMC that fairly apportions the costs to all beneficiaries of residual interests that the Trusts create; and that this provision, including TERI's reimbursement obligations, will survive termination of the Transition Services Agreement; and it is further

ORDERED, that FMC may, in its sole discretion, cease providing any post-default collection services at any time following the filing of any objection, adversary proceeding or other contested matter objecting to, contesting, or raising any defenses to the validity, perfection, priority or enforceability of the Trust's security interests in Recoveries or after the 61st day after the entry of this Order if all Recoveries are not deposited directly into the applicable Pledged Account, provided that FMC shall give TERI at least 30 days prior written notice of its intent to terminate such services; and its is further

ORDERED, that the requirement of Bankruptcy Rule 4001(a)(3), to the extent applicable hereto, that this order be stayed for a period of ten (10) days from the date hereof shall be and hereby is waived; and it is further

LIBC/3313239.10

ORDERED, that this Court will retain jurisdiction to construe and enforce the terms of this Order.

Dated: June 23, 2008

_____
The Honorable Henry J. Boroff
United States Bankruptcy Judge