UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re | ) |
| | ) |
| | ) **Chapter 11** |
| THE EDUCATION RESOURCES INSTITUTE, INC., | ) **Case No. 08-12540 (HJB)** |
| | ) |
| Debtor. | ) |
| | ) |

**ORDER GRANTING MOTION PURSUANT TO SECTIONS 362, 363 AND 365 OF THE BANKRUPTCY CODE AND RULES 4001, 6004, 6006 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO ENTER INTO STIPULATION FOR THE TERMINATION OF CERTAIN OF THE DEBTOR'S STUDENT LOAN PROGRAMS AND SETTLEMENT OF CERTAIN CLAIMS RELATING THERETO**

Upon the motion (the "Motion") of The Education Resources Institute, Inc., the debtor and debtor in possession in the above-captioned case (the "Debtor"), for an order pursuant to sections 362, 363 and 365 of the Bankruptcy Code[1] authorizing the Debtor to enter into and perform the Stipulation for the Termination of Certain of the Debtor's Student Loan Programs and Settlement of Certain Claims Relating Thereto (the "Stipulation") with JPMorgan Chase Bank, N.A., successor by merger to Bank One, N.A. ("Chase"), and the Debtor and Chase having filed with the Court a certain Certification to Certain Facts in further support of the Chase Stipulation ("Certification") upon which this Court is relying in entering this Order, and the Official Committee of Unsecured Creditors ("Committee") having filed a Response in which the Committee has for the reasons stated in its Response withdrawn its objection to the Chase Stipulation, and sufficient notice having been given and a hearing having been held and due cause appearing therefor, the Court finds that for the reasons set forth more specifically in the Motion and at the hearing on the Motion, and in the Response filed by the Committee, cause has been shown for granting the requested relief; and it is accordingly

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion or the Stipulation.

LIBC/3305030.3
A/72595013.2

ORDERED, that the Motion is granted and the Stipulation is approved; and it is further

ORDERED, that the Debtor is permitted to enter into and shall perform the Stipulation; and it is further

ORDERED, that in accordance with Federal Rule of Bankruptcy Procedure 9019, the settlement embodied in the Stipulation is fair and equitable and in the best interests of the Debtor, its estate and its creditors, and it is further

ORDERED, that the Debtor has satisfied the standard set forth in section 365 of the Bankruptcy Code for the rejection of the Program Documents to which the Debtor is a party, and it is further

ORDERED, that the rejection and termination of the Program Documents to which the Debtor is a party on the terms of and subject to the conditions set forth in the Stipulation is in the best interests of the Debtor, its estate, and its creditors; and it is further

ORDERED, that U.S. Bank, N.A. is hereby directed to comply with the terms of paragraph 1(b)(ii) of the Stipulation; and it is further

ORDERED, that nothing contained in this Order shall be construed as authorizing any of the following actions:

    a. Payment to Chase of any Recoveries (as defined in the Program Documents) in the possession and/or control of TERI on any defaulted Program Loans (as that term is defined in the Stipulation) or defaulted Legacy Loans (as defined in the Stipulation) made by Chase and guarantied by TERI;

    b. Transfer of any Recoveries to the Pledged Account;

    c. Transfer by TERI to Chase of title to any Program Loan or Legacy Loan made by Chase; and

    d. Transfer by TERI to Chase of the proceeds of any Program Loan or Legacy Loan made by Chase that was transferred to TERI and then

LIBC/3305030.3
A/72595013.2

Rehabilitated (as that term is defined in the Program Documents); and it is further

ORDERED, that no loan made by Chase or its predecessors other than (a) loans made pursuant to the Program Documents including the Sixteenth Amendment to Program Agreements dated as of January 25, 2007 or (b) the Legacy Loans (as defined in the Stipulation) shall be affected by this Order; and it is further

ORDERED, that this Order shall be effective immediately upon entry as a final order for purposes of 28 U.S.C. § 158(a)(1), and its effectiveness shall not be stayed pursuant to Bankruptcy Rule 6004(g); and it is further

ORDERED, that this Court will retain jurisdiction to construe and enforce the terms of this Order.

Dated: July  15, 2008

_____
United States Bankruptcy Court Judge
Henry J. Boroff

3