**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **In re** | ) ) ) | **Chapter 11** |
| **THE EDUCATION RESOURCES INSTITUTE, INC.,** | ) ) | **Case No. 08-12540 (HJB)** |
| **Debtor.** | ) ) ) |  |

**DEBTOR'S OBJECTION TO REQUEST FOR EMERGENCY DETERMINATION AND MOTION FOR EXTENSION OF TIME AND SCHEDULING ORDER**

The Education Resources Institute, Inc., the debtor and debtor in possession in the above-captioned case (the "Debtor" or "TERI") respectfully objects to the Request for Emergency Determination and Motion for Extension of Time and Scheduling Order (the "Motion for Extension") of First Marblehead Corporation, First Marblehead Education Resources, Inc. and First Marblehead Data Services, Inc. (collectively, "FMC") seeking an extension of time to answer and re-scheduling or continuing the hearing to consider the Motion for Interpretation of Order (the "Motion for Interpretation").

**PRELIMINARY STATEMENT**

The Motion for Extension seeks an adjournment of the objection deadline and hearing to consider the Debtor's Motion for Interpretation, currently scheduled to be heard by this Court at 10:00 a.m. on Monday, November 15, 2010 (the "Hearing Date") on the basis that they "simply need more time." (Motion for Extension at 5). It is difficult to comprehend how FMC can need nearly six weeks from the date of filing the Motion for Interpretation to respond to an issue they have been aware of for months and knew that the Debtor would bring to this Court for resolution

forthwith.  Moreover, the Debtor has not, and does not intend to, interfere with, threaten or delay the occurrence of the Effective Date[1] pending resolution of the Motion for Interpretation.  It is FMC, <u>not</u> the Debtor, that is trying to conflate the two.  While the Debtor believes it is appropriate to have the Motion for Interpretation decided quickly, the litigation surrounding the Motion for Interpretation simply does not implicate the timing of the occurrence of the Effective Date.  In fact, the Debtor and Official Committee of Unsecured Creditors (the "Creditors' Committee") have tentatively scheduled an Effective Date of November 19, 2010 and are diligently working to substantially consummate the Plan as of that date.  FMC's suggestions that the Debtor has sought to delay the Effective Date pending resolution of the Motion for Interpretation are completely unfounded.  Moreover, FMC's assertions that its response to the Motion for Interpretation will cause a delay of the Effective Date should be summarily dismissed by this Court as a red-herring.

In support of this objection, TERI respectfully states as follows:

## ARGUMENT

### THE MOTION FOR INTERPRETATION SEEKS ADJUDICATION OF A PURELY LEGAL ISSUE

It is clear that FMC's objective is to delay the resolution of the Motion for Interpretation as long as possible and increase exponentially the cost of such litigation.  FMC knows that after the Effective Date, TERI's resources will be greatly diminished and the delay and increased cost can only inure to FMC's benefit.  It is simply disingenuous for a sophisticated party like FMC to claim that it needs more than six weeks to respond to a Motion for Interpretation that raises almost exclusively legal issues.  It is similarly disingenuous for them to claim that it will not be able to effectively assist in the consummation of the Plan on the Effective Date if the Hearing

---

[1]  Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion for Interpretation or the Modified Fourth Amended Joint Plan of Reorganization (the "Plan").

2

Date to consider the Motion for Interpretation goes forward.  It is difficult to envision how any of the back-office employees necessary to effectuate the transfer of loans and cash on the Effective Date are the same employees that would be formulating the legal response to the Motion for Interpretation.  It is also illogical to believe that TERI, a small not for profit with a staff of approximately 10 administrators and managers, can manage to handle the load with respect to the implementation of the Effective Date while still dealing with the Motion for Interpretation, while FMC, a public company with more than 200 employees, cannot even "assist" (Motion for Extension at 6) if the objection deadline is not extended.  Simply, FMC's protestations that it will need to "divert . . . resources" (Motion for Extension at 10) to respond to the Motion for Interpretation cannot be taken at face value.

## FMC IS CLAIMING IT NEEDS AN ADDITIONAL MONTH TO PROPOSE A RESPONSE THAT THE MOTION FOR INTERPRETATION SHOULD BE BROUGHT AS AN ADVERSARY PROCEEDING

FMC's Motion for Extension continually tries to redefine the relief that the Debtor is seeking in an attempt to invoke Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). It also continually asserts that the Debtor seeks "declaratory and injunctive" relief in an attempt to aggrandize the "complexity" of the Database Dispute.  Despite FMC's continuous assertions that the Debtor is seeking injunctive relief -- it is not.

The injunction remedy is an equitable remedy designed to protect rights from irreparable injury by prohibiting or requiring certain acts by parties. Weinberger v. Romero-Barcelo, 456 U.S. 305, 102 S.Ct. 1798 (1982) ("the Court has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies").  An injunction, by definition, is an order directed at a party that seeks to either restrain actions that have not been taken or to require certain actions by such party. U.S. v.

3

Quintana-Aguayo, 235 F.3d 682, 686 (1st Cir. 2000) ("An injunction is an order directed at *a party*, enforceable by contempt, designed to protect relief sought in the action.") (emphasis in original).

As a definitional matter, the Motion for Interpretation cannot be deemed to be a request for injunction for two reasons.  First, the Motion for Interpretation does not seek to restrain any party from taking any action, nor does it seek to require any party to take any action.

Secondly, an injunction must be directed at a party.  The Motion for Interpretation simply seeks to have the Court inform the parties as to the meaning of its prior Contracts Order. Because the Motion for Interpretation is not directed at any party, and does not seek to coerce or prevent any action on the part of another party, the Motion for Interpretation cannot be a request for injunction.  Moreover, the remedy for violating an injunction is contempt.  Assuming that this court grants the relief requested in the Motion for Interpretation, there is no action that either party could take that could violate such Order.

Nor is the Motion for Interpretation a request for declaratory judgment pursuant to Bankruptcy Rule 7001(9).  Bankruptcy Rule 7001(9) requires only that a request for declaratory judgment be brought via adversary proceeding for the types of relief covered in subsections (1)-(8) of Bankruptcy Rule 7001.  If the declaratory relief sought is outside the relief specified in Bankruptcy Rule 7001, an adversary proceeding is unnecessary.  10 COLLIER ON BANKRUPTCY ¶ 7001.10 (Alan N. Resnick & Henry J. Sommers eds. 15th ed) (citing In re Keeler, 257 B.R. 442 (Bankr. D. Md. 2001)).

Tellingly, FMC had time to draft a 12 page Motion for Extension complete with references to previous orders of the Court and transcripts of hearings, but did not cite one case which would support their assertion that the Motion for Interpretation needs to be brought as an

adversary proceeding. The reason for that is simple -- FMC could find no such cases. However, there are several cases that support the principle that an adversary proceeding is not required for a Court to interpret its own order. See In re Bostic Const., Inc., 435 B.R. 46, 51 (Bankr. M.D.N.C. 2010); In re Thickstun Bros. Equipment Co., Inc., 344 B.R. 515 (B.A.P. 6th Cir. 2006).

Moreover, even if this Court were to decide that an adversary proceeding was procedurally proper, many courts have excused compliance with Bankruptcy Rule 7001 where "there was sufficient information set forth in the pleading to inform the opponent of the issues it had to address." See In re Aegean Fare, Inc. Aegean Fare, Inc. v. Commonwealth of Massachusetts, Department of Revenue, 33 B.R. 745 (Bankr. D. Mass. 1983); see also In re Hyde, 334 D. Mass 506, 507 (Bankr. D. Mass 2005). Here, the Motion for Interpretation clearly defines the dispute at issue and the legal basis pursuant to which the Court can resolve the dispute. Converting the Motion for Interpretation into a complaint would do nothing in respect of facts alleged and legal arguments asserted -- it would only serve to delay the ultimate resolution of the Database Dispute.

FMC completely ignores the relief sought in the Motion for Interpretation – and the single legal question that must be answered – which is, based on the record, is the Contracts Order and the effect of the Contracts Order on the interpretation of the TSA ambiguous or not ambiguous? Based on the Motion for Extension, it seems FMC desperately wants to avoid answering that question. Obviously, the Debtor believes that question can be answered without initiation of an adversary proceeding or a lengthy and costly litigation.

Simply put, there is no credible basis for FMC to argue that it needs more time to answer the Motion for Interpretation. FMC's Motion for Extension is just a litigation tactic designed to

5

give it an advantage against an already cash restrained opponent. FMC's tactics regarding the Database Dispute are clear to delay the resolution of the Motion for Interpretation until Reorganized TERI simply gives up or runs out of money to fight. The Bankruptcy Court should not countenance such a result. The Debtor has worked diligently to extricate itself from FMC, propose and confirm a plan of reorganization, and emerge from bankruptcy. As is clear from the record of this Chapter 11 Case, the Debtor urgently wishes to launch its portfolio management and collection services business upon emergence from chapter 11 protection. However, it needs to resolve the Database Dispute before it can do so. That is the basis for the Debtor bringing this matter to the Court's attention so quickly following confirmation. Thus, FMC's statement that there is no prejudice to the Debtor is simply not true. It is simply untenable to have FMC string this issue along -- Reorganized TERI needs to know whether the restrictions on TERI's use of data expired on May 31, 2010 (as TERI contends) or whether the restrictions survive indefinitely (which FMC contends).

WHEREFORE, the Debtor respectfully requests that the Court deny the Motion For Extension in its entirety and grant the Debtor such other and further relief as is just and proper.

        Respectfully submitted,

        THE EDUCATION RESOURCES INSTITUTE, INC.
        /s/ Gina Lynn Martin
        Daniel M. Glosband (BBO No. 195620)
        Gina Lynn Martin (BBO No. 643801)
        Goodwin Procter LLP
        Exchange Place
        Boston, Massachusetts 02109
        Telephone: (617) 570-1000
        Facsimile: (617) 523-1231

        E-mail:dglosband@goodwinprocter.com
                gmartin@goodwinprocter.com

        *Attorneys for the Debtor and Debtor in Possession*

Dated: November 10, 2010

7

LIBC/3925665.3