**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

_____
                                                                )
In re:                                                          )     Chapter 11
                                                                )
THE EDUCATION RESOURCES              )     Case No. 08-12540 (HJB)
INSTITUTE, INC.,                                      )
                                                                )
                    Debtor.                              )
_____)

**MOTION FOR ENTRY OF FINAL DECREE**
**AND ORDER EXTENDING TERM OF PLAN TRUST**

Stephen S. Gray, the Plan Trustee (the "Plan Trustee") appointed pursuant to the *Modified Fourth Amended Joint Plan of Reorganization of the Education Resources Institute, Inc. and the Official Committee of Unsecured Creditors as of August 26, 2010* (the "Plan"),[1] hereby files this Motion (the "Motion"), pursuant to Section 350 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Massachusetts Local Bankruptcy Rule ("MLBR") 3022-1, and Article 9.1 of the Plan Trust Agreement (defined herein) seeking entry of a final decree and an order, in substantially the form attached hereto as **Exhibit A**, (the "Final Decree") (i) closing the Debtor's bankruptcy case; and (ii) extending the term of the Plan Trust for an additional three (3) years through November 19, 2018.

In further support of this Motion, the Plan Trustee respectfully states as follows:

_____
[1] Capitalized terms not defined herein shall have the meaning given them in the Plan or the Plan Trust Agreement (as defined below), as applicable.

## Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## General Background

2. On April 7, 2008 (the "Petition Date"), The Education Resources Institute, Inc. (the "Debtor") commenced its bankruptcy case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. On April 30, 2008, the United States Trustee for the District of Massachusetts appointed an Official Committee of Unsecured Creditors ("Committee").

4. On August 30, 2010, the Debtor and the Committee filed the Plan, which was confirmed by the Court by order dated October 29, 2010 [Docket No. 1170] (the "Confirmation Order").

5. The Plan became effective on November 19, 2010 (the "Effective Date") and has been substantially consummated.

6. Prior to the Effective Date, the Debtor operated its business and managed its property as a debtor in possession pursuant to Section 1107(a) and 1108 of the Bankruptcy Code.

7. On the Effective Date, a trust was established (the "Plan Trust") pursuant to that certain *Plan Trust Agreement of The Education Resources Institute, Inc.* (the "Plan Trust Agreement") for the benefit of the Debtors' general unsecured creditors. At that time, Stephen S. Gray became Plan Trustee. The Plan Trust was established with various assets, including a significant portfolio of defaulted student loans (the "TERI-Owned Loans") which the Plan Trustee has continued to administer and collect in accordance with the Plan Trust Agreement.

8. Since the Effective Date, the Plan Trustee has made eight (8) interim distributions to holders of Allowed General Unsecured Claims, aggregating a 21.5% to-date recovery. The Plan Trustee anticipates that he will continue to administer the Plan Trust Assets, and make regular distributions to such creditors until such time as the TERI-Owned Loans are fully collected or sold. To best monetize those assets, the Plan Trustee seeks to extend the term of the Plan Trust for an additional three (3) years to accomplish such collection or sale.

9. Pursuant to Article 9.1 of the Plan Trust Agreement, the term of the Plan Trust may be extended if the Bankruptcy Court authorizes such extension as necessary to carry out the liquidating purpose of the Plan Trust. See Plan Trust Agreement, Art. 9.1. Although the Chapter 11 Case has been fully administered, the portfolio of TERI-Owned Loans continues to generate a significant return for the holders of Allowed General Unsecured Claims. The Plan Trustee intends to continue his efforts to collect and liquidate the TERI-Owned Loans, and thereby maximize their ultimate recovery. Accordingly, the Plan Trustee seeks an order extending the term of the Plan Trust for an additional three (3) years. Absent such extension, the Plan Trust is scheduled to terminate five (5) years from the Effective Date, or on November 19, 2015.

10. Further, pursuant to Section 7.2 of the Plan, upon the Effective Date, the Plan Trustee was given the exclusive right to make, file, and prosecute objections to Claims (as defined therein). The Plan Trustee has carried out his responsibilities contemplated by the Plan, the Plan Trust Agreement, and the Confirmation Order, including without limitation, by resolving the claims of Nellie Mae Education Foundation, Inc. and objecting to twenty-five (25) other creditor claims. As of the date hereof, the Plan Trustee has completed the claim resolution process.

11. As of the date hereof, there are no pending matters in this Chapter 11 Case.

**Relief Requested**

12. By this Motion, the Plan Trustee seeks entry of a Final Decree (i) closing this Chapter 11 Case; (ii) extending the term of the Plan Trust through November 19, 2018; (iii) and granting related relief.

**A. Relevant Standard**

13. Once a bankruptcy estate is fully administered, the bankruptcy court is required to close the bankruptcy case. See 11 U.S.C. § 350; MLBR 3022-1. The term "fully administered" is not precisely defined in the Bankruptcy Code, and "at one extreme, an estate could be 'fully administered' when a Chapter 11 plan is confirmed and the estate dissolves . . . . At the other extreme, an estate could be 'fully administered' when all that is called for under the plan occurs." In re Mold Makers, Inc., 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). The 1991 Advisory Committee Notes to Federal Rule of Bankruptcy Procedure 3022 list a number of factors for the Court to consider before entering a final decree, including whether all administrative claims have been provided for and there remains no outstanding motions, contested matters, or adversary proceedings. See e.g., In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc., 238 B.R. 531, 541-545 (Bankr. E.D.N.Y. 1999). In addition, MLBR 3022-1 provides that a chapter 11 case is "fully administered" unless a matter is pending sixty (60) days following the entry of a final order confirming a plan of reorganization.

14. The Plan Trustee respectfully submits that the Debtor's bankruptcy estate is fully administered. All motions, contested matters, and adversary proceedings have been resolved, all priority, administrative, convenience claims have been paid in full, and all secured and general unsecured claims have received distributions or otherwise received the treatment afforded them under the Plan. At the present time, the Plan Trustee has approximately $3,200,000 of cash on hand as of October 31, 2015. As evidenced below, the Plan Trustee has provided the sworn

statements required by MLBR 3022-1(c).  In view of the foregoing, the Plan Trustee respectfully requests that the Court issue a Final Decree closing this Chapter 11 Case.

### B. Statements Required by MLBR 3022-1(c)

15. MLBR 3022-1(c) requires a motion for final decree to contain certain statements made under oath by an individual with personal knowledge.  In accordance with MLBR 3022-1(c), and as attested to herein, the Plan Trustee represents that:

(a) **Substantial Consummation**: The Plan, as confirmed by the Court, has been substantially consummated in accordance with Section 1101(2) of the Bankruptcy Code, the provisions of the Plan, the Confirmation Order, and all subsequent orders of the Court, and as a result, this Chapter 11 Case may be closed in accordance with Bankruptcy Rule 3022.

(b) **Administrative Expense Claims**: The Plan Trustee has paid all Allowed Administrative Expense Claims, including court-authorized professional compensation and costs (except for any final payments to professionals authorized by the Plan Trust Agreement).  The Administrative Expense Claims are set forth on the attached **Exhibit B**, which lists, among other things, the names and addresses of, and amounts paid to, such persons, entities, governmental units, and professionals.

(c) **Priority Claims**.  The Plan Trustee has paid all Allowed Priority Claims, as set forth on the attached **Exhibit C** which lists, among other things, the names and addresses of, and amounts paid to, such persons, entities, and governmental units.

(d) **General Unsecured Claims**. The Plan Trustee has commenced making distributions to holders of General Unsecured Creditors prescribed by the Plan, as evidenced by the attached **Exhibit D**, which lists, among other things, the names and addresses of, and amounts paid to, such recipients.  To date, holders of Allowed General Unsecured Claims have received 21.5% of their Allowed General Unsecured Claims. The creditors listed on Exhibit D shall continue to receive distributions, following entry of the Final Decree.  All remaining distributions under the Plan will be made in accordance with the terms of the Plan Trust, and the attached Exhibit D.

(e) **Unclaimed Distributions**.  Article 5.5(g) of the Plan provides that any checks issued by the Plan Trustee in respect of Allowed Claims will be null and void if not negotiated within one hundred and twenty (120) days of issuance.  **Exhibit E** lists the names and addresses of, and amounts and dates paid to, such recipients of unclaimed distributions.  The Plan Trustee requests that the Final Decree acknowledge that the unclaimed distributions on Exhibit E are deemed unclaimed property under section 347(b) of the Bankruptcy Code and become unencumbered

        Cash of the Plan Trust pursuant to the Plan.  For the avoidance of doubt, any creditor who failed to claim a particular distribution, as shown on Exhibit E, is still eligible to receive future distributions and therefore, is included on Exhibit D above.

(f) **Excluded Beneficiaries-*Tax Forms Not Provided***.  Section 10.4 of the Plan Trust Agreement provides that the Plan Trustee may condition any distribution to a Beneficiary, or other distributee, upon receipt of a taxpayer identification number ("TIN") and executed tax forms, including IRS Forms W-8, W-9 or any substitute forms, as the Plan Trustee deems necessary (the "Tax Forms").  The Plan Trustee sent written requests in November 2010, July 2011 and November 2011 to creditors holding Allowed Claims requesting that they complete and return the Tax Forms.  Certain creditors failed to provide the requested information, and, despite the Plan Trustee's reasonable attempts to locate the non-responding creditors, the creditors set forth on **Exhibit F** still have not done so.  The Plan Trustee requests that the Final Decree acknowledge the Plan Trustee's right, pursuant to the Plan Trust Agreement, to expunge each of the Claims listed on Exhibit F and to distribute the funds that otherwise would have been distributed to them to the remaining holders of Allowed General Unsecured Claims.  For the avoidance of doubt, any creditor who failed to provide Tax Forms will no longer be eligible to receive future distributions and therefore, is not included on Exhibit D above.

(g) **Excluded Beneficiaries-*Affirmatively Declined Distributions***.  Certain Beneficiaries affirmatively declined to receive distributions from the Plan Trust.  The Plan Trustee requests that the Final Decree acknowledge the Plan Trustee's right to expunge each of the Claims listed on **Exhibit G** and to distribute the funds that otherwise would have been distributed to them to the remaining holders of Allowed General Unsecured Claims.  For the avoidance of doubt, any creditor who affirmatively declined to receive distributions will no longer be eligible to receive future distributions and therefore, is not included on Exhibit D above.

(h) **Remaining Plan Trust Assets**.  The Plan Trustee has attached as **Exhibit H** a summary of the estate's remaining assets, as of October 31, 2015.

(i) **Plan Trust Expenses**.  The Plan Trustee has attached as **Exhibit I** expenses incurred by the Plan Trustee since the Plan's Effective Date, November 19, 2010 through October 31, 2015.

(j) **U.S. Trustee Fees**. Upon allowance of this Motion, the Plan Trustee shall make a final payment to the Office of the United States Trustee on account of quarterly fees and other amounts owed pursuant to 28 U.S.C. Section 1930(a).

16.    The Plan Trustee submits that the Plan has been substantially consummated as that term is defined in Section 1101(2) of the Bankruptcy Code, that the Debtor's Chapter 11

Case has been fully administered, and that this bankruptcy proceeding should be closed by entry of the Final Decree.

17.     The Plan Trustee is in possession of certain of the Debtor's books and records, and specifically, certain books and records related to the TERI-Owned Loans. Upon completion of the collection or sale of the TERI-Owned Loans, the Plan Trustee shall destroy, and/or transfer, all such books and records to the buyer, in a reasonably and appropriately secured fashion. The Plan Trustee requests that, as a supplement to its general authority under the Plan, the Final Decree provide the Plan Trustee with the specific authority to take such action. All other books and records not related to the TERI-Owned Loans shall be abandoned at that time.

**Notice**

18.     Pursuant to MLBR 3022-1(e), the Plan Trustee has served copies of this Motion and its related exhibits on (i) the members of the Committee; (ii) counsel to the Committee; (iii) any party who filed an appearance in the case and requested service of pleadings; (iv) the Office of the United States Trustee; (v) the parties set forth on Exhibits B-G at their known addresses provided therein; and (vi) Reorganized TERI. The Plan Trustee respectfully represents that no other or further notice of this Motion is required or warranted.

**WHEREFORE**, the Plan Trustee respectfully requests that this Court enter the Final Decree, in substantially the form filed herewith, closing this Chapter 11 Case, extending the term of the Plan Trust for an additional three (3) years, and granting such other relief as is just and proper.

[*signature page to follow*]

Respectfully submitted,

Dated: November 18, 2015

STEPHEN S. GRAY,
Plan Trustee,

By his attorneys,

/s/ *Mackenzie L. Shea*
Charles A. Dale III, BBO #558839
Mackenzie L. Shea, BBO #666241
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Telephone: 617.261.3100
Facsimile: 617.261.3175
Email: chad.dale@klgates.com
         mackenzie.shea@klgates.com

## VERIFICATION PURSUANT TO MLBR 3022-1(c)

I, Stephen S. Gray, Plan Trustee of the Plan Trust, verify that I have personal knowledge as to the validity of the factual statements set forth above, and confirm that such statements are accurate to the best of my knowledge and belief.

Signed under the penalties of perjury this 18 day of November, 2015.

Stephen S. Gray, *as Plan Trustee*